LEFLORE *v.* FLOWFRS ET AL.

[78 South. 513, Division B.]

1. PARTITION. *Agreement. Life estate. Remainders.*

Life tenants can make a binding contract among themselves to divide their estates, and in such case the remaindermen or the persons to whom the ultimate estate was granted can elect to accept as their several parts, the parts which their mother or fathers had accepted as their share in the life estate.

2. LIFE ESTATE. *Deeds of trust.*

The purchaser under a deed of trust upon a life estate in lands, obtains only such title as was vested in the life tenant and his title expires upon the death of the life tenant, although his deed from the trustee purports to convey a fee simple title.

3.  QUIETING TITLE. *Cloud on title.*
    In such case the chancery court can and should cancel the deed
    of the purchaser, under the trust deed as a cloud upon the title
    of the remaindermen.

APPEAL from the chancery court of Leak county.

HON. ALBERT Y. WOODWARD, Chancellor.

Suit by Johnnie May Flowers' and another against Lang Leflore. From a decree for complainants, defendants appeal.

The facts are fully stated in the opinion of the court.

*Robert B. Walker,* for appellant.

First, the deed of conveyance from Rufus Smith to Mrs. Sophia Coleman et. al, created a life estate in the eight grantees, and a contingent remainder in fee in the children of said grantees, which remainder in fee became vested in said children when they were born. See 4 Kent, pages 210, 214, 218; 16 Cyc. 648; 13 Cyc. 647, 648.

Second, that upon the death of Mary Smith, in infancy, unmarried, and without issue, the remainder in fee limited to her children born in lawful wedlock, failed upon the determination of the particular freehold estate before there were persons *in esse* qualified to receive the remainder in fee in possession. See 4 Kent (8 Ed.), page 257, 262; 16 Cyc. 649 (4).

Third, that upon the death of Mary Smith the one-eighth interest in fee limited to vest in her children born in lawful wedlock, descended to her brothers and sisters in fee simple, to wit: Turner Smith, Marcellus Smith, Archie Smith, Ann Smith, and Ossie Smith, mother of complainants. Each of said brothers and sisters received an individual one-fifth of one-eighth interest or one-fortieth interest, in fee in all the said three hundred and sixty' acres of land conveyed by said deed of Rufus Smith, including the fifty-five acres involved in this suit.

Fourth, only the life estate of Mrs. Sophia Coleman and the other grantees mentioned in the deed of Rufus Smith, were parties to the proceeding in chancery court referred to on page 3 of the transcript of the record. The remainder in fee could not be partited by proceeding in chancery court, same not being an estate in possession. Remainders and reversions cannot be partited by chancery court. See sec. 3521 of Code of 1906; *Belew* v. *Jones,* 56 Miss. 342; *Hardy* v. *Gregg,* 2 So. 358; *Lawson* v. *Bonner,* 88 Miss. 235, 40 So. 488; *Black* v. *Washington,* 3 So. 140; 30 Cyc., pages 188, 199.

Fifth, by the deed of conveyance executed by Ann Smith Dawson, Turner Smith, and Marcellus Smith to Osie Smith Flowers (a copy of which appears in the transcript on page 6) said Osie Smith Flowers received as such grantee all the estate, interest, and title to the fifty-five acres of land described therein, which the grantees possessed at the time said deed was executed. This estate or interest consisted of an undivided one-fifth of one-eighth interest in fee, or a one-fortieth interest to each of said grantors which they received from their sister Mary Smith, deceased, and a life estate *pur autre vie,* limited to terminate upon the death of Turner Smith as to the eastern half of said fifty-five acres of land, and limited to terminate upon the death of Marcellus Smith as to the western half of same. See 16 Cyc. 646; Code of 1916, sec. 2774; see page 3 of transcript.

Sixth, the bill fails to show that Turner Smith is dead and for the purposes of this appeal he is presumed to be living, as in fact my information is to the effect that he is still living, and Marcellus Smith is living at the present time, having joined in this bill as the uncle and next friend of complainants. Hence the life estates in said fifty-five acres of land involved in this suit, has not terminated, but is still extant, and will not terminate until the death of the life tenants, to wit: Turner and Marcellus Smith.

Seventh, Osie Smith Flowers, by her deed of trust executed to J. D. Eldridge, trustee, to secure R. C. Allen (See page 3 of transcript) conveyed all the right, estate, and interest which she possessed in said fifty-five acres of land conveyed to her by Turner Smith et al., to said J. D. Eldridge, trustee, who conveyed same to Lang Leflore as the purchaser at the foreclosure sale of said deed of trust, and which right, estate, or interest is still vested in said Lang Leflore, defendant in the lower court and appellant here.

Eighth, that said Lang Leflore, appellant, received through his purchase at the foreclosure sale of the deed of trust given by said Osie Smith Flowers, mother of complainants to J. D. Eldridge, trustee, and by the trustee's deed executed to him by said trustee, all the right, title, and interest to said fifty-five acres of land involved in this suit which said Osie Smith Flowers owned and possessed at the time of the execution of said deed of trust. That this interest consisted of an undivided one-fortieth interest in fee which said Osie Smith Flowers inherited from her deceased sister, Mary Smith, which, together with the three-fortieth interest in fee conveyed to her by Turner Smith et al., makes a one-tenth interest in fee with immediate right of possession to same and also a life estate in said fifty-five acres of land dependent upon the life of Turner Smith as to the eastern one-half, or twenty-seven and one-half acres.

Ninth, hence there is no title or interest in complainants except as to an undivided one-eighth interest in remainder in fee simple which is admitted by said demurrer to be in complainants and which they received by deed from Rufus Smith, and neither is there right of possession in complainants as to any of this fifty-five acres of land, since the particular estates upon which the remainder were limited have not terminated by the death of the life tenants, to wit: Turner and Marcellus Smith. See 16 cyc. 644, 652.

Tenth, the remedy of complainants is to wait until the termination of all the estates in the three hundred and sixty acres of land conveyed by Rufus Smith in his said deed, and file a bill for the partition of said land in fee, when complainants will be entitled to receive a share thereof in severalty and in fee-simple title, equal to a one-eighth part thereof. At such a time, and not before then will they be entitled to receive the possession of any part of said land.

*J. L. McMillon,* for appellee.

The appeal is from a decree overruling a general demurrer to appellee's bill in the lower court. "A demurrer to the entire bill should be overruled if the bill shows a right to any relief. *"Quitman County* v. *Stritze,* 69 Miss. 460, 13 So. 35.

The fact that appellees have such vested title in this land as entitles them to have the same cleared of record conveyances that casts a cloud upon the same, cannot be disputed. We might, for argument sake, confess the most extreme view of counsel and say that appellees have no immediate right of action to cancel the fee simple title now being set up against them by appellant. "Clouds may be removed from the reversionary interest in land by the real owner thereof before the expiration of the particular estate." *Fox* v. *Conn,* 64 Miss. 465, 1 So. 629, 16 Cyc. 659 B. "The bill need not show the defects in defendant's claim although it shows the instruments under which he claims."

Title to an undivided one-seventh interest in the land in question vested in appellees at the death of their mother Osia Flowers (13 Cyc.), wherein the rule is announced thus: "So a vested remainder exists where property is deeded to a person for life with remainder to another at the death of the one holding the life estate,

as where property is conveyed to one for life with remainder to his children.''

As to the right of possession, we wish to direct the court's attention to the difference in the language used in the conveyance here under consideration and that used in the case of *Hawkins* v. *Hawkins,* 72 Miss. 749, 18 So. 479, and that used in the will construed in the case of *Henry* v. *Henderson,* 103 Miss. 48, 60 So. 33, as well as in all the cases cited in the opinions in each of these cases. In the Hawkins case this language was used: ''We give to them, our said nieces, Lizzie V. Hawkins, Alice v. Jerring and Sallie Cawles Hering said lot, as described, with all apurtenances, emoluments, and rents arising from the same during their natural lives, and at their death to the decendants of their bodies in fee, if any they have, but if they have not to survive them, then, in that event, to the heirs of their brothers and sisters in fee.'' In the case of *Henry* v. *Henderson,* the clause there construed was as follows: ''The remainder of all my real estate I give and bequeath to Joseph Ditto Craig and his brother, Lorain Craig for and during their natural lives, and at their deaths to go to the heirs of their bodies, with this proviso, that the income from said property first be applied to the payment of the legacies herein named, and after said legacies are paid, then said income shall also be charged with the payment of the annuities thereinbefore named, and after the payment annually of said annuities then the remainder of said income shall be paid to said brothers by said executor.'' In each of these cases it was held that the life estate was for the life of the survivor. The language used in the case now under consideration is as follows: ''I hereby give, grant and convey to Mrs. Sophia Coleman, Mrs. Lavena Coleman, Archie Smith, Turner Smith, Marcellus Smith, Anna Smith, Osia Smith and Mary Smith, during their natural life and at their respective deaths

to their children born in lawful wedlock an equal and undivided interest, share and share alike, in and to the following real estate and personal property, that I now own and possess in Leake County, Mississippi, with its annual increase and the unsufruct of the same. The real estate described as follows: the east one-half of east one-half and northwest quarter of northwest quarter of section 29, Township 10, Range 6, in Leake County, Mississippi.'' From the language used in the case cited it was evident that the grantor in one and the testator in the other intended to create a life estate for the period of the life of the survivor, while in the present case the language here used shows that the purpose of the grantor was exactly to the reverse of the purpose of the grantor and testator in the two cases just mentioned. While Rufus Smith, the grantor in the deed now under consideration, appears to have signed the same with his mark, he had evidently lived long enough to learn the importance of placing property intended as a support for his children and grandchildren beyond the control and influence of such characters as John Flowers, the husband of Osie Smith Flowers, deceased, and father of appellees in this suit, who is now in the State Penitentiary for shooting the deputy sheriff of Leake county while attempting to arrest him, while his children under the construction of counsel for appellant, may drift from pillar to post homeless and penniless, Rufus Smith never intended that such should happen. His language is conclusive that he foresaw the probability of the coming of the present events, and, for this reason, provided in the deed that the undivided interest of each life tenant at their respective deaths should go to their children so that when their parents might be dead and unable to protect them further they would have an income from the fruits of his labor.

We submit that the learned chancellor was correct in overruling a general demurrer.

COOK, P. J., delivered the opinion of the court.

Johnnie May Flowers and Shelby Flowers, both infants, and the surviving children of Osie Flowers, deceased, filed this suit in the chancery court of Leake county asking the court to decree a cancellation of two certain deeds held by Lang Leflore, the defendant below.

The bill of complaint alleges that complainants are the children of Osie Flowers, deceased; that prior to his death their maternal grandfather executed a deed conveying to Mrs. Sophia Coleman, Mrs. Lavena Coleman, Archie Smith, Marcellus Smith, Anne Smith, Osie Smith, and Mary Smith, all of whom were his children born in lawful wedlock "an equal and undivided interest, share and share alike," for their natural lives in certain described lands; that said deed also provided that on the death of any one of said above-mentioned grantees, the interest of said deceased in said land should go to his or her children "born in lawful wedlock, share and share alike."

It appears that the mother of these complainants had, during her life, executed two deeds of trust upon her interest in said land; that default having been made in the payment of the debts secured by said deeds of trust, both were foreclosed, and the defendant, Lang Leflore, bought the land at trustee's sale. It also appears that prior to the execution of the deeds of trust, the land conveyed to his children by Rufus Smith had been partited by mutual agreement, and the subject of this controversy is the land which was set apart to the mother of complainants in the above-mentioned partition.

The defendant, Lang Leflore, interposed a demurrer to the bill of complaint, assigning the following grounds, viz.:

117 Miss.—44.

"Comes the said defendant and demurs to that part of the bill and to so much thereof as claims an interest in all of the land involved in said suit, because by their said bill complainants only show that they have an undivided one-eighth interest in the lands in controversy in this suit, and no more.

"Because said bill is without equity, except as to an undivided one-eighth interest.

"Third, that the conveyance by Marcellus Smith and Turner Smith and Ann Dawson to Osie Flowers, the mother of complainants, was a conveyance of their life estate and did not create in complainants the remainder in fee in said lands.

"Fourth, that on the death of Mary Smith, the life tenant, without children born in lawful wedlock, her interest reverted back to Rufus Smith or his rightful heirs in fee simple and not to the brothers and sisters of the whole blood to said Mary Smith.

"Fifth, that the complainants' remedy as to the balance of their interest, if any exists, is confined to the undivided one-eighth interest in all the land conveyed by Rufus Smith wherein said life estate and remander were created.

"Sixth, that one life tenant cannot create a remainder by deed to another life tenant because of a want of a particular estate to sustain the same, therefore the conveyance by the three life tenants to the mother of complainants did not create a remainder in fee in the complainants in the land in dispute, but only conveyed a life estate dependent upon the natural life of the grantors, and which the bill fails to show are dead."

This demurrer was overruled, and appeal was granted to settle the principles of the cause.

It will be observed that this bill was filed upon the theory that the deeds of trust conveying the land, which had by mutual agreement between the holders of the life estate been allotted to Osie Flowers, and by an exchange of deeds, case a shadow or doubt upon the title of

complainants so set apart to complainant's mother. We do not believe we are called upon to decide the validity of this partition, in so far as the interest of the children of the other life tenants are concerned.

The life tenants could make a binding contract, as among themselves, to divide their life estates, as was done in this case, and the remaindermen or the persons to whom the ultimate fee was granted could elect to accept as their several parts, the parts which their mothers or fathers had accepted as their share in the life estate. So far as the other owners of the ultimate fee are concerned, this litigation will have no effect.

It seems certain that in so far as the defendant is concerned he could not claim that he had any right, title, or interest in the land after the death of Osie Flowers, the mother of complainants. In so far as the parties to this suit are concerned, the situation seems to be that the defendant seems to have, on the face of this deed, a fee-simple title to the land described in his deed. But the truth is, if he obtained any title at all, he only got such title as was vested in Osie Flowers, which title was limited to her life estate in the land in question. We are not concerned with the interest of the other living life tenants—they are not parties to this suit—nor are we concerned with the rights of the other owners of the ultimate fee in these lands, and what proportion is vested in them by the original deed of their grandfather. The children of the other life tenants, at the expiration of the life estates, may elect to approve the division made by the life tenants, but whether they do or not their interests are not involved in this suit.

It seems to us that the chancery court could and should cancel the deeds held by Lang Leflore as a cloud upon the title of these complainants. That it is a cloud is demonstrated by the fact that he is defending this suit, thereby claiming some further interest in this land. All the interest he ever had lapsed when Osie Flowers

died, and this suit seeks a decree of the chancery court adjudicating this point, thus settling that Lang Leflore's estate expired when Osie Flowers departed this life.

*Affirmed and remanded.*